Gary E. REED, Plaintiff, Appellant and Cross–Appellee,

v.

**DAVIS COUNTY SCHOOL DISTRICT, Defendant, Appellee and Cross–Appellant.**

No. 940172–CA.

Court of Appeals of Utah.

March 28, 1995.

Mark F. James and Terry E. Welch, Salt Lake City, for appellant and cross-appellee.

Felshaw King, Kaysville, for appellee and cross-appellant.

Before ORME, GARFF [1], and WILKINS, JJ.

## OPINION

**WILKINS, Judge:**

Gary E. Reed appeals the denial of his motion to compel arbitration under the contract between the Board of Education of the Davis County School District (the Board) and the Davis Education Association (DEA). We affirm.

## BACKGROUND

Mr. Reed and his wife were both employees of the Board under the terms of a Professional Agreement (the Agreement) [2] between the Board and DEA for the 1992–1993 school year. Mr. Reed was a member of DEA when the Agreement was negotiated and adopted. He signed a contract designating DEA as his exclusive bargaining agent for the purpose of negotiating and adopting the Agreement.

The Agreement, by its express terms, provides that married couples in which both spouses are employed by the Board will receive different insurance benefit treatment than persons who do not have a spouse employed by the Board.

Mr. Reed contends the Board has breached the Agreement, and seeks to compel the Board to enter into arbitration. Mr. Reed interprets the Agreement as containing valid, enforceable arbitration provisions. The Board refused his request to enter into arbitration, claiming the Agreement does not contain arbitration provisions, but only a grievance procedure. Mr. Reed brought a motion to compel arbitration under section 78–31a–4 of the Utah Code, part of the Utah Arbitration Act.

The Board moved to dismiss Mr. Reed's motion on the basis that the agreement between the parties did not constitute an agreement to submit to arbitration, or in the alternative, that prior acts by Mr. Reed relating to the dispute constituted a waiver of any right to arbitration.

The trial court denied the motion to compel arbitration, concluding that although the Agreement constituted an agreement between the parties to arbitrate, Mr. Reed's prior activities resulted in a waiver of that right. Mr. Reed appeals the determination of waiver. The Board cross-appeals, claiming the court erred in finding the Agreement constitutes an agreement to arbitrate.

## STANDARD OF REVIEW

■ Whether or not the Agreement constitutes an arbitration agreement is a question of law which we review for correctness, according no particular deference to the conclusions reached by the trial court. *Docutel Olivetti Corp. v. Dick Brady Sys., Inc.,* 731 P.2d 475, 479 (Utah 1986).

## CLASSIFICATION OF THE AGREEMENT

■ In interpreting the Agreement, we look first to the document itself. *Ron Case*

---

1. Senior Judge Regnal W. Garff, acting pursuant to appointment under Rule 3–108(4), Utah Code of Judicial Administration.

2. The agreement is entitled, "Professional Agreement between the Board of Education of the Davis County School District and the Davis Education Association 1992–1993." It was executed on August 18, 1992 by "Lynn Summerhays, President, Davis County Board of Education" and "Vik T. Arnold, President, Davis Education Association."

*Roofing & Asphalt v. Blomquist,* 773 P.2d 1382, 1385 (Utah 1989). When a contract is in writing and the language is not ambiguous, the intention of the parties must be determined from the words of the agreement. *Winegar v. Froerer Corp.,* 813 P.2d 104, 108 (Utah 1991).

■ By its terms, the Agreement is between two parties, the Board, which is a legislatively authorized body corporate, *see* Utah Code Ann. § 53A–3–401(1) (1992), and DEA, a collective bargaining unit. Under "Article I General Provisions," the parties recognize the constitutional and legal limitations imposed upon the Board and agree that the Agreement is expressly limited by those provisions of law.[3]

The words "arbitration" and "arbitrate" do not appear in the Agreement. However, "Article V Grievance Procedure" addresses dispute resolution arising under the Agreement. It defines a "grievance" as a complaint by an educator "of a violation, misinterpretation or inequitable application of any provision" of the Agreement. It is upon this language, and this section, that Mr. Reed relies in seeking to compel arbitration with the Board.

The grievance procedure described in the Agreement provides for informal attempts at resolution with the grievant's immediate supervisor, and a four-step formal procedure. The formal procedure involves: first, a written complaint to the grievant's immediate supervisor or school principal; second, an appeal of the action or non-action of the supervisor or principal to the Superintendent of Schools of the district; third, an appeal of the superintendent's action or non-action to a "hearing examiner" selected by and mutually acceptable to the Board and DEA, who makes a written recommendation to the Board; and finally, a direct hearing before the Board in executive session.

The express purpose of the grievance procedure is "to secure, at the closest point of origin, equitable solutions to grievances." However, the procedure also specifically provides that nothing contained therein "shall be construed to limit the right of the District or the educator to appeal to an appropriate court of law."

■ It is the policy of the law in Utah to interpret contracts in favor of arbitration, "in keeping with our policy of encouraging extrajudicial resolution of disputes when the parties have agreed not to litigate." *Docutel Olivetti Corp. v. Dick Brady Sys., Inc.,* 731 P.2d 475, 479 (Utah 1986). However, we must first conclude that arbitration is a remedy which has been bargained for by the parties. Only when such agreement on arbitration exists may we encourage arbitration by liberal interpretation of the arbitration provisions themselves.

In this case, the parties have not agreed to arbitrate. Arbitration customarily results in an award which is enforceable by filing with the district court and confirmation of the award. Utah Code Ann. § 78–31a–12 (1992). Arbitration always includes presentation of the conflicting claims to a neutral third party or panel for resolution.[4] Neither of those conditions is met here.

Under the grievance procedure set forth in the Agreement the final resolution is that imposed by the Board, which, as a party to the Agreement, is not a neutral third party. From there, the educator may "appeal" to the court. As used here, the plain meaning of the language is clear. In this case, appeal means to seek the intervention of the court in the dispute, not to seek the narrow confirmation review contemplated in the Utah Arbitration Act.

---

3. The agreement states:

**I. ARTICLE I GENERAL PROVISIONS**

1.1 . . . .

1.2. The Board and the Association understand that the Board has certain powers and responsibilities that under the Constitution and Laws of the State of Utah may not be delegated to another group or organization. Accordingly, if any provision of this Agreement or any application of this Agreement to any teacher covered hereby shall be found contrary to law, such provision or application shall have effect only to the extent permitted by law. All other provisions or application of this Agreement shall continue in full force and effect.

4. One of the grounds provided by the Utah Arbitration Act upon which the district court "shall vacate the award" rendered in an arbitration proceeding is in the event the arbitrator "appointed as a neutral, showed partiality." Utah Code Ann. § 78–31a–14(1)(b).

With these limitations in mind, the parties to the agreement clearly intended what they have said: to create a grievance procedure by which an employee may seek a review of the employer's actions within the chain of command, ultimately reaching the elected board of directors of the district. This is a grievance procedure. It is not an agreement to submit the dispute to arbitration.

## CONCLUSION

The order of the trial court denying compulsory arbitration is affirmed, albeit for the reason that no arbitration provision exists in the Agreement, rather than on the grounds identified by the trial court.

GARFF and ORME, JJ., concur.